## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

### Richmond Division

FILED

FEB 10 2014

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

TRACIE REAVIS,                    )
    *pro se* Plaintiff,              )
                     )
v.                                )   Civil No. 3:13-cv-149-HEH
                     )
CAROLYN W. COLVIN,                )
Acting Commissioner of Social Security, )
    Defendant.                    )

## MEMORANDUM OPINION

### (Overruling Objection to and Adopting Report and Recommendation)

This is an action challenging the Social Security Administration ("SSA")'s denial

of disability ("DIB") benefits and Supplemental Security Income ("SSI") payments to

Tracie Reavis ("Plaintiff"), who proceeds *pro se*. The matter is presently before the

Court on the Report and Recommendation ("R&R" (ECF No. 19).) of the Honorable

David J. Novak, United States Magistrate Judge ("Magistrate Judge") concerning the

parties' cross-motions for summary judgment[1] and Plaintiff's objections thereto. The

---

[1] As the Magistrate Judge's Report and Recommendation notes, *pro se* Plaintiff's motion is styled "Motion to Dismiss and Response to Roseboro Notice." (ECF No. 13.) "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Although not filed as a Motion for Summary Judgment, Plaintiff asks the Court to "enter an order affirming a favorable decision on [her] behalf." (Pl.'s Mem. at 1.) Specifically, Plaintiff asks for the Court to review the Administrative Law Judge's decision that her impairments do not meet listing level severity. (Pl.'s Mem. at 1.) The Court, therefore, will treat Plaintiff's Motion to Dismiss and Response to Roseboro Notice" as a motion for summary judgment.

Court will dispense with oral argument because it would not materially aid the decisional process.

For the reasons set forth herein, Plaintiff's objection will be overruled and the R&R will be adopted. Accordingly, Defendant's motion for summary judgment will be granted; Plaintiff's motion for summary judgment will be denied; and the decision of the Commissioner will be affirmed.

## I.   Background

### A. Procedural History

Plaintiff filed an application for DIB and SSI on July 28, 2009, alleging disability under the Social Security Act[2] (the "Act") due to multitude of ailments, including degenerative disc disease, arthritis, a pinched nerve, bursitis in her hip, chronic obstructive pulmonary disorder, sleep apnea, thyroid disease, and depression with an alleged onset date of May 20, 2007. (R. at 74-75, 84-85, 214, 220, 266.) Disability Determination Services ("DDS") initially denied Plaintiff's application for benefits on November 24, 2009, and again on reconsideration on June 30, 2010. (R. at 82, 92, 110-11, 126-27, 133-35, 140-42, 150-63).

Following Plaintiff's request, an Administrative Law Judge ("ALJ") conducted a hearing and determined that Plaintiff was not disabled under the Act. (R. at 16-29.) Though Plaintiff had severe impairments, none met or equaled listing level severity,

---

[2] A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1).

specifically for § 1.04[3] and § 12.04[4]. (R. at 18-21.) The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner, subject only to judicial review by this Court. (R. at 1-4).

On December 4, 2013, Plaintiff filed a Complaint in this Court, contesting the Commissioner's decision under 42 U.S.C. § 405(g).[5] Plaintiff challenges both the ALJ's finding that her impairments were not severe enough to meet the listings' criteria and the ALJ's assignment of weight to the evidence. (Compl. at 7, ECF No. 3.) The Plaintiff's Motion for Summary Judgment (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 11) were referred to the Magistrate Judge for R&R. After a detailed analysis, the Magistrate Judge recommended the final decision of the Commissioner be affirmed. (R&R at 39.)

Plaintiff has now filed an objection to the R&R. In her objection, Plaintiff again disagrees with the Commissioner's finding that she does not meet the requirements for a disability. (Response to R&R, ECF No. 20.) Describing her condition and interactions

---

[3] 20 C.F.R., pt. 404, subpt. P, app. 1, § 1.04 lists the required criteria for disorders of the spine that the Commissioner will consider when determining whether a Plaintiff's physical impairments constitute a presumption of disability.

[4] 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.04 lists the required criteria for mental disorders the Commissioner will consider when determining whether a Plaintiff's mental impairments constitute a presumption of disability.

[5] 42 U.S.C. § 405(g) provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides.

At the time she filed suit, Plaintiff was a resident of Lawrenceville, Virginia. Venue is therefore proper in this Court. E.D. Va. Loc. R. 3(B)(4).

with her doctors, she asks the court to consider facts from her physicians instead of medical opinions. (Response to R&R.)

## B. Medical History

Plaintiff is a high school graduate who has previously worked as an insurance agent, a corrections officer, and as a manager at a fast food restaurant and a retail store. (R. at 267.) She last worked in May of 2007. (R. at 19, 40, 267.)

Plaintiff has sought treatment from several doctors since 2007 with a wide variety of complaints, including back, shoulder, hip, knee, and neck pain. (R. at 395-96, 387, 400, 394, 654, 671, 607, 447-52, 445, 570, 433, 865, 891.) These doctors compiled copious records relating to their observations, opinions, and treatments. (R. at 388-98, 400, 405, 442, 448, 451, 463, 469, 580, 639, 656, 735, 744, 750, 832, 891.) In addition to her own doctors, a state agency physician, Dr. James Darden, opined on Plaintiff's ability to complete various work related tasks on October 24, 2009. (R. at 80.)

Concerned about her mental state, Plaintiff began treatment with psychologist Dr. J. Michael Griffin in 2004. (R. at 415, 682-83, 685, 689.) Through the course of many visits, Dr. Griffin compiled a record of his observations and opinions. (R. at 410-11, 680-692, 708). Additionally, the doctors treating Plaintiff's various physical ailments recorded her mental state in their notes. (R. at 388, 433, 436, 439, 442, 445, 448, 451, 739, 741.) On October 1, 2009 and again on June 3, 2010, Dr. Griffin completed Mental Status Evaluation Forms for the Virginia Disability Determination Services. (R. at 701-06, 816-20.)

4

On November 23, 2009, a state agency psychologist, Dr. Leslie Montgomery, opined that Plaintiff did not meet the requirements of listing § 12.04. (R. at 78-79.) Another state agency psychologist, Dr. Linda Doughtery, came to the same conclusion on June 30, 2010. (R. at 104.)

In determining that Plaintiff was not disabled under the Act, the ALJ relied on the wealth of records generated by the various doctors. (R. 16-29)

## II. STANDARD OF REVIEW

### A. Review of the Commissioner's Final Decision

When the Court reviews the Commissioner's decision to deny benefits, it is limited to determining whether the Commissioner's decision was supported by substantial evidence on the record and whether the proper legal standards were applied in evaluating the evidence. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citing *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). To determine whether substantial evidence exists, the Court is required to examine the record as a whole, but it may not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock*, 667 F.3d at 472 (citation omitted) (internal quotation marks omitted); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Charter*, 76 F.3d 585, 589 (4th Cir. 1996)). If the ALJ's determination is not supported by substantial evidence on the record, or if the ALJ has made an error of law, the district court must reverse the decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### B.   Review of the Report and Recommendation

This Court reviews *de novo* any part of the Magistrate Judge's R&R to which a party has properly objected in writing.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).   A proper objection must reasonably alert the district court of the true ground for objection with sufficient specificity.  *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

Any part of the Magistrate Judge's disposition that has not been properly objected to is reviewed only for clear error.  *See* FED. R. CIV. P. 72 advisory committee's note (noting that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

### III. ANALYSIS

In conducting a review of the entire record, the Magistrate Judge focused on Plaintiff's three arguments.  First, Plaintiff challenged the ALJ's determination that her physical impairments did not meet the requirements of § 1.04. (Pl.'s Mem. at 1, ECF No. 14).  The Magistrate Judge found numerous sources in the record supporting the ALJ's finding. (R&R at 20.)  Second, Plaintiff argued that the ALJ erred in determining she did not meet the listing requirements of § 12.04. (Pl.'s Mem. at 1.)  Finding the Plaintiff could not prove she satisfied all of the relevant medical criteria for this requirement, the Magistrate Judge therefore concluded she could not qualify for a disability under § 12.04. (R&R at 33.)  Finally, Plaintiff contends that the ALJ assigned improper weight to the

non-treating state agency doctors. (Pl.'s Mem. at 3.)  Since the Magistrate Judge's role is not to reweigh the evidence, he instead found the ALJ properly exercised his authority in assigning more weight to the state agency physicians. (R&R at 34-35.)  In all instances, the R&R offers a detailed explanation of the Magistrate Judge's review of the record.

Because Plaintiff has not filed a specific objection to the R&R, the Court will not conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).  A vague and generalized objection falls short of the standard for *de novo* review. *Midgette*, 478 F.3d at 622; *Page v. Lee*, 337 F.3d 411, 417 n.3 (4th Cir. 2003) (noting that "petitioner's failure to object to the magistrate judge's recommendation with the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court").  Furthermore, "a general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008) (quoting *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

Here, the Plaintiff failed to identify any specific issue in the Magistrate Judge's R&R to which she objected.  In fact, she did not even mention the R&R.  Instead, her response only makes general objections to the Commissioner's decision and challenges the completeness of the doctors' records.[6]  She simply renewed her arguments in favor of classifying her as disabled.  Essentially, the Plaintiff's general objection asks this Court

---

[6] The Plaintiff claims the defendant "has submitted information that I have found to be opinion not facts," and asks the court to "[p]lease consider only facts from diagnostic testing and reports from my physicians and not opinions." She also explains the normal gait recorded by her doctors as inconsistent with her daily experience. Likewise, the notes regarding her leg raising are incomplete because "not once was it recorded of the pain and discomfort it caused." Furthermore, she did not use a cane because she "believed it caused more pain and strain." (Resp. to R&R, ECF No. 20).

to reweigh the evidence – an exercise beyond this Court's authority. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Due to the lack of specific objections, this Court can only review the R&R for clear error on the face of the record. *See* FED. R. CIV. P. 72 advisory committee notes; *Williams v. Astrue*, No. 2:09-cv-60, 2010 WL 395631, at *3 (E.D. Va. Feb. 2, 2010). In reviewing the R&R and the face of the record, this Court finds no such clear error. Therefore, the ALJ's decision must stand and the Court will adopt the R&R.

## IV.  CONCLUSION

Based on the foregoing analysis, this Court will adopt the Report and Recommendation of the Magistrate Judge. Accordingly, Plaintiff's Motion for Summary Judgment will be denied and Defendant's Motion for Summary Judgment will be granted. Because the Plaintiff did not specify her objections to the R&R, the Commissioner's decision will be affirmed.

An appropriate Order will accompany this Memorandum Opinion.

　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　Henry E. Hudson
Date: Feb. 10, 2014　　　　　　　　　United States District Judge
Richmond, VA

8